**E-Filed 11/20/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| QUALITY TECHNOLOGY SERVICES HOLDING, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN KOCH, an individual, DAVID BUCIAK, an individual, DATAPIPE, INC., a California Corporation, TIM RHODES, an individual, and DOES 1-10,<br><br>Defendants. | Case Number C 09-5133 JF<br><br>ORDER[1] GRANTING REQUEST FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION<br><br>[Re: Docket No. 7] |

Plaintiff Quality Technology Services Holding, LLC ("QualityTech") brought this action on October 29, 2009, alleging, among other things, computer fraud, misappropriation of trade secrets, conversion, breach of contract, and unfair competition. QualityTech alleges that two of its former employees, Defendants Christian Koch ("Koch") and David Buciak ("Buciak"), one of its competitors, Defendant DataPipe, Inc. ("DataPipe"), and one of DataPipe's employees, Defendant Tim Rhodes ("Rhodes"), are in wrongful possession of trade secrets belonging to

---

[1] This disposition is not designated for publication in the official reports.

QualityTech. On November 6, 2009, QualityTech filed the instant application for a temporary restraining order ("TRO") and a motion for preliminary injunction prohibiting Defendants and their attorneys, agents, and employees from using, disclosing, or publicizing Quality Tech's trade secrets for any purpose.

QualityTech is a national full-service technology infrastructure company. The company maintains a contract database in which it keeps the names of all its clients, the services the company provides to each client, contract termination dates, and pricing information. The database is not available to the general public or to QualityTech's competitors. The company also owns a cloud computing service offering called Quality Virtualization Infrastructure ("QVI"). QVI provides remote data center services on demand and is tailored to the needs of each individual customer. Like the contract database, QualityTech's method of tailoring the QVI service to each customer, known as the "QVI Solution," is not available to the general public or to QualityTech's competitors. Only certain QualityTech employees are allowed access to the QVI Solution.

Koch served QualityTech as an senior network engineer from February 2007 until September 11, 2009, while Buciak served as a sales manager from August 2007 until his termination on October 6, 2009. While employed by QualityTech, Buciak had access to the contract database and the QVI Solution. Koch did not. Both Koch and Buciak signed confidentiality agreements when they were hired.

After Buciak's termination from his position at QualityTech, Buciak's former manager discovered a high volume of emails in Buciak's QualityTech email account between Buciak and QualityTech's competitors. Specifically, the manager noticed a number of emails between Buciak and Rhodes. Buciak's manager also found emails between Buciak and Koch indicating that Koch had gained access to the contract database and the QVI Solution. Emails between Koch and Buciak and between Buciak and Rhodes indicated that Koch had provided Buciak with confidential QualityTech data, including the contract database and QVI Solution, and that Buciak planned to provide the data to Rhodes.

In declarations filed with their opposition papers, Rhodes and Buciak, without admitting wrongdoing, have acknowledged their possession of information related to QualityTech's contract database and QVI Solution. In addition, Rhodes, Buciak, and DataPipe all have represented that they will not access, transfer, or disclose any data in their possession that is alleged to be a trade secret belonging to QualityTech.

Having reviewed the record before it, the Court concludes that QualityTech has raised substantial questions regarding the merits of its claims and that the balance of hardships tips sharply in its favor. QualityTech has shown that it would suffer harm if Defendants are not prevented from using or transferring its trade secrets. In contrast, Defendants have alleged no hardship to them that would result from the issuance of a temporary restraining order.

**ORDER**

Good cause therefor appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's application for a TRO is GRANTED. Pending further order by the Court, IT IS HEREBY ORDERED THAT Defendants and their attorneys, agents, employees or other persons acting in concert with them are prohibited from using, transferring, modifying, or deleting any information or data in their possession relating to Plaintiff's contract database or the QVI Solution.

2. Plaintiff's motion for preliminary injunction shall be heard on December 4, 2009, at 9:00 am. Each party may file a brief addressing the merits of the motion not to exceed fifteen (15) pages in length, on or before December 1, 2009.

DATED: 11/20/09

JEREMY FOGEL
United States District Judge

3

Case No. C 09-5133
ORDER GRANTING REQUEST FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION
(JFLC3)

1  This Order has been served upon the following persons:

2  Christian Koch
550 Moreland Way, #4210
3  Santa Clara, CA 95054

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 09-5133
ORDER GRANTING REQUEST FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON
MOTION FOR PRELIMINARY INJUNCTION
(JFLC3)