1  ULRICO S. ROSALES, State Bar No. 139809
   MICHAEL J. NADER, State Bar No. 200425
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
5  Email: urosales@wsgr.com

6  Attorneys for Defendant
   DATAPIPE, INC.
7

8  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   STEVEN D. ROLAND State Bar No. 108097
9  AMBER RYE BRUMFIEL State Bar No. 215191
   One Market Plaza
10 Steuart Tower, 8th Floor
   San Francisco, California 94105
11 Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
12

13 Attorneys for Plaintiff
   QUALITY TECHNOLOGY SERVICES HOLDING, LLC
14

15                  UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17                        SAN JOSE DIVISION

18

19 | QUALITY TECHNOLOGY SERVICES              ) CASE NO.: CV-09-5133 (JF)
   | HOLDING, LLC, a Delaware Limited Liability )
20 | Company,                                  ) **STIPULATED PROTECTIVE**
                                              ) **ORDER**
21 |            Plaintiff,                     )
                                              )
22 |     v.                                    )
                                              )
23 | CHRISTIAN KOCH, an individual, DAVID      )
   | BUCIAK, an individual, DATAPIPE, INC., a  )
24 | California Corporation, TIM RHODES, an    )
   | individual, and DOES 1-10,                )
25                                            )
   |            Defendants                    )
26 |_____)

27

28

STIPULATED PROTECTIVE ORDER
CV-09-5133 (JF)

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, private, trade secret, or other technical, commercial, business and/or financial information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties, through their outside counsel of record, hereby stipulate to and petition the court to enter the following Stipulated Protective Order (the "Protective Order"). The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as "Confidential" or "Highly Confidential – Attorneys' Eyes Only". The parties further acknowledge, as set forth in Section 10, below, that this Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c). As a general guideline, information or materials designated as "Confidential" shall be those things that the designating party or non-party reasonably believes, in good faith, require protection against disclosure to third parties. Examples of such information or materials include materials a party reasonably believes to contain or disclose

1  information that the party does not or would not publicly disclose, or information that a party is
2  under a preexisting obligation to maintain as confidential. Absent a specific order by this Court,
3  once designated as "Confidential," such designated information shall be used by the Parties
4  solely in connection with this litigation, and not for any business, competitive, or governmental
5  purpose or function, and such information shall not be disclosed to anyone except as provided
6  herein.

7      2.4    <u>"Highly Confidential - Attorneys' Eyes Only" Information or Items</u>:
8  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-
9  party would create a substantial risk of serious injury that could not be avoided by less restrictive
10 means. As a general guideline, information or materials designated as "Highly Confidential –
11 Attorneys' Eyes Only" shall be those things of a proprietary business or technical nature that the
12 designating party or nonparty reasonably believes to be of value to a competitor or potential
13 customer of the party or non-party holding the proprietary rights thereto, and that must be
14 protected from disclosure. Absent a specific order by this Court, once designated as "Highly
15 Confidential – Attorneys' Eyes Only," such designated information shall be used by the Parties
16 solely in connection with this litigation, and not for any business, competitive, or governmental
17 purpose or function, and such information shall not be disclosed to anyone except as provided
18 herein.

19     2.5    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material
20 from a Producing Party.

21     2.6    <u>Producing Party</u>: a Party or non-party that produces Disclosure or
22 Discovery Material in this Action.

23     2.7.    <u>Designating Party</u>: a Party or non-party that designates information or
24 items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly
25 Confidential — Attorneys' Eyes Only."

26     2.8    <u>Protected Material</u>: any Disclosure or Discovery Material that is
27 designated as "Confidential" or as 'Highly Confidential - Attorneys' Eyes Only."
28

2.9. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Action.

2.10 <u>House Counsel</u>: attorneys who are employees of a Party.

2.11 <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.14. <u>Action</u>: The above entitled litigation.

3. <u>SCOPE</u>

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this Protective Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

(a)   For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

1    A Party or non-party that makes original documents or materials available for inspection
2 need not designate them for protection until after the inspecting Party has indicated which
3 material it would like copied and produced. During the inspection and before the designation, all
4 of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL -
5 ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants
6 copied and produced, the Producing Party must determine which documents, or portions thereof,
7 qualify for protection under this Protective Order, then, before producing the specified
8 documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or
9 "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") at the top of each page that
10 contains Protected Material. If only a portion or portions of the material on a page qualifies for
11 protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by
12 making appropriate markings in the margins) and must specify, for each portion, the level of
13 protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -
14 ATTORNEYS' EYES ONLY").

15    (b)    <u>For testimony given in deposition or in other pretrial or trial
16 proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the
17 record, before the close of the deposition, hearing, or other proceeding, all protected testimony,
18 and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL -
19 ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of
20 testimony that is entitled to protection, and when it appears that substantial portions of the
21 testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the
22 testimony may invoke on the record (before the deposition or proceeding is concluded) a right to
23 have up to thirty (30) days to identify the specific portions of the testimony as to which
24 protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or
25 "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"). Only those portions of the
26 testimony that are appropriately designated for protection within the thirty (30) days shall be
27 covered by the provisions of this Protective Order.
28

1  Transcript pages containing Protected Material must be designated by the court reporter
2  as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," by
3  affixing a legend to the top of each such page as instructed by the Party or non-party offering or
4  sponsoring the witness or presenting the testimony.

(c)  <u>For information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

5.3  <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order. As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information under this Protective Order, as well as any copies made by such persons.

6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1  <u>Timing of Challenges</u>. A party may challenge the other party's designation of information or materials produced herein as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" if it believes in good faith that the designation is inappropriate by serving a written objection upon the producing party at any time up to and

including at trial. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   *Meet and Confer.* The Producing Party shall notify the challenging party in writing of the basis for the asserted designation within five (5) business days after receiving any written objection. The Parties shall confer in good faith as to the validity of the designation within five (5) business days after the challenging party has received the notice of the basis for the asserted designation. To the extent the Parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court, as appropriate, after making the objection, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Until a dispute over the asserted designation is finally resolved by the Parties or the Court, all parties and persons shall treat the information or materials in question as designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

6.3   *Judicial Intervention.* A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      (f)    during their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

      (g)    the author of the document or the original source of the information.

    7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

      (a)    the Receiving Party's Outside Counsel of record in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

      (b)    Experts (as defined in this Protective Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      (c)    the Court and its personnel;

      (d)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

      (e)    the author of the document or the original source of the information.

    8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this Action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other Action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. **FILING PROTECTED MATERIAL.** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11. <u>FINAL DISPOSITION</u>. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this Action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in this Section and Section 4 (DURATION), above.

12. <u>MISCELLANEOUS</u>

    12.1   <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

    12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: ~~December~~ JAN 29, 2010     WILLIAMS PINELLI & CULLEN, LLP

By: _/s/ Edward F. Cullen_
Edward F. Cullen
Attorneys For Defendant CHRISTIAN KOCH

Dated: December __, 2009     CMD ASSOCIATES

By: _____
C. Matthew Didaleusky
Attorneys For Defendant DAVID BUCIAK

Dated: December __, 2009     WILSON SONSINI GOODRICH & ROSATI

By: _____
Ulrico S. Rosales
Attorneys For Defendant DATAPIPE, INC.

Dated: December __, 2009     RAO ONGARO BURTT & TILIAKOS LLP

By: _____
David R. Burtt
Attorneys For Defendant TIM RHODES

Dated: December 28, 2009     SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _/s/_
Amber Rye Brumfiel
Attorneys For Plaintiff QUALITY TECHNOLOGY SERVICES ~~HOLDING~~, LLC

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____
Honorable Jeremy Fogel
United States District Judge

-12-
STIPULATED PROTECTIVE ORDER
CV-09-5133 (JF)

```
 1
 2  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
 3  Dated: December __, 2009            WILLIAMS PINELLI & CULLEN, LLP
 4
 5                                      By: _____
                                            Edward F. Cullen
 6                                      Attorneys For Defendant CHRISTIAN KOCH
 7  Dated: ~~December __, 2009~~         CMD ASSOCIATES
            JANUARY 29, 2010
 8
 9                                      By: _____
                                            C. Matthew Didaleusky
10                                      Attorneys For Defendant DAVID BUCIAK
11  Dated: December __, 2009            WILSON SONSINI GOODRICH & ROSATI
12
13                                      By: _____
                                            Ulrico S. Rosales
14                                      Attorneys For Defendant DATAPIPE, INC.
15
    Dated: December __, 2009            RAO ONGARO BURTT & TILIAKOS LLP
16
17
                                        By: _____
18                                          David R. Burtt
                                        Attorneys For Defendant TIM RHODES
19
    Dated: December 28, 2009            SEDGWICK, DETERT, MORAN & ARNOLD LLP
20
21
                                        By: _____
22                                          Amber Rye Brumfiel
                                        Attorneys For Plaintiff QUALITY TECHNOLOGY
23                                      SERVICES ~~HOLDING~~, LLC
24
    PURSUANT TO STIPULATION, IT IS SO ORDERED.
25
26
27  Dated: _____
                                        _____
28                                      Honorable Jeremy Fogel
                                        United States District Judge
```

-12-
STIPULATED PROTECTIVE ORDER
CV-09-5133 (JF)

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: December __, 2009    WILLIAMS PINELLI & CULLEN, LLP

By: _____
Edward F. Cullen
Attorneys For Defendant CHRISTIAN KOCH

Dated: December __, 2009    CMD ASSOCIATES

By: _____
C. Matthew Didaleusky
Attorneys For Defendant DAVID BUCIAK

Dated: December 30, 2009    WILSON SONSINI GOODRICH & ROSATI

By: *RICO ROSALES /MJN*
Ulrico S. Rosales
Attorneys For Defendant DATAPIPE, INC.

Dated: December __, 2009    RAO ONGARO BURTT & TILIAKOS LLP

By: _____
David R. Burtt
Attorneys For Defendant TIM RHODES

Dated: December 28, 2009    SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
Amber Rye Brumfiel
Attorneys For Plaintiff QUALITY TECHNOLOGY SERVICES HOLDING, LLC

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____    _____
Honorable Jeremy Fogel
United States District Judge

1
2  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
3  Dated: December __, 2009           WILLIAMS PINELLI & CULLEN, LLP
4
5                                      By: _____
                                            Edward F. Cullen
6                                       Attorneys For Defendant CHRISTIAN KOCH
7  Dated: December __, 2009           CMD ASSOCIATES
8
9                                      By: _____
                                            C. Matthew Didaleusky
10                                      Attorneys For Defendant DAVID BUCIAK
11 Dated: December __, 2009           WILSON SONSINI GOODRICH & ROSATI
12
13                                      By: _____
                                            Ulrico S. Rosales
14                                      Attorneys For Defendant DATAPIPE, INC.
15
   Dated: December 29, 2009           RAO ONGARO BURTT & TILIAKOS LLP
16
17
                                        By: /s/ _____
18                                          David R. Burtt
                                        Attorneys For Defendant TIM RHODES
19
   Dated: December 28, 2009           SEDGWICK, DETERT, MORAN & ARNOLD LLP
20
21
                                        By: /s/ _____
22                                          Amber Rye Brumfiel
                                        Attorneys For Plaintiff QUALITY TECHNOLOGY
23                                      SERVICES HOLDING, LLC
24
25 PURSUANT TO STIPULATION, IT IS SO ORDERED.
26
27 Dated: February 2, 2010             /s/ Patricia V. Trumbull
                                       Honorable J XXXXXXXXXXX Patricia V. Trumbull
28                                     United States XXXXX Judge
                                                    Magistrate

-12-
STIPULATED PROTECTIVE ORDER
CV-09-5133 (JF)

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of Quality Technology Services Holding, LLC, Inc. v. Koch, et al., Action No. CV 09 5133 JF. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after the termination of this Action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____